## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BRIAN CAFFREY and        :
MICHELLE A. CAFFREY h/w,    :
                                         :      DOCKET NO.:
         Plaintiffs,         :
                                           :
       v.                       :      CIVIL ACTION
                                           :
McARTHUR EXPRESS, INC.    :
SYSTEMS, LLC et al
                                           :
         Defendants.      :

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendants, McArthur

Express, Inc. and Brian Caffrey, by and through its counsel of record, Rawle &

Henderson LLP, hereby remove this matter to the United States District Court for

the District of New Jersey, and in support and grounds for removal thereof,

respectfully aver as follows:

## THE PARTIES

1.      Plaintiffs commenced a civil action in the Superior Court of New

Jersey, Essex County, by filing a Complaint on or about May 27, 2021 for injuries

allegedly sustained in an October 26, 2020 incident. (A true and correct copy of

Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".)

2.      Plaintiffs amended the Complaint on or about September 28, 2021 to name Bogdan Ureche as a defendant. (A true and correct copy of Plaintiffs' Amended Complaint is attached hereto and marked as Exhibit "B".)

3.      Plaintiffs, Brian and Michelle Caffrey, are citizens of New Jersey.  See Ex. A and B.

4.      Neither McArthur Express or Bogdan Ureche are citizens of New Jersey.

5.      McArthur Express, Inc.  is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business located in Cambridge, Ontario, Canada.

6.      Bogdan Ureche is a citizen of Kitchener, Ontario, Canada.

7.      Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendant since:

        (a)      Plaintiffs are citizens and residents of the State of New Jersey; and

        (b)      Defendants are not citizens of the State of New Jersey.

8.      Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

9.      This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446 (b) because the Notice of Removal is being filed within thirty (30) days after receipt by defendants McArthur Express, Inc. and  Bogdan Ureche,  of an "other paper from which it may be first ascertained that the case is one which is or has become removable" and it is less "than 1 year after the commencement of the action."

## JURISDICTION

10.     This Honorable Court his court has original jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

11.     This action is subject to removal pursuant to 28 U.S.C. §1441 and 1446(b).

12.     By way of factual background, plaintiffs, Brian Caffrey alleges that on October 26, 2022, he was injured when expelled from a vehicle.    (Ex. A and B , First Count ¶¶  2, 3 and 4)

13.     In the Complaint and Amended Complaint, both Plaintiffs allege that as a result of the aforementioned accident, Brian Caffrey sustained, "great pain of mind and body."   (See Ex. A  and B First Count ¶4).

14.     On or about March 31, 2022, Traveler's sent an itemization of the expenses paid by the Plaintiff,  Brian Caffrey's workers' compensation carrier.  This itemization which attached hereto and made part hereof as Exhibit "C" .  This

itemization revealed lost wages from the date of the accident until March 2021. Further, based upon information and belief, Plaintiff underwent surgery, and based upon these records the surgery occurred on November 4, 2020. The medical expenses total $24,921.16. The indemnity paid was $18, 516.00. The total lien is $43,437.16. See Ex. C.

15.    A conversation with on March 30, 2022 with plaintiffs' counsel revealed that Brian Caffrey had an ORIF and lost a substantial amount of time from work.

16.    Pursuant to 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, **a notice of removal may be filed within thirty days after receipt by the defendant**, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.

28 U.S.C. §1446(b) (emphasis added).

17.    In light of the foregoing, Defendants, McArthur Express, Inc. and Bogdan Ureche,  aver that based on the damages claimed by each of the Plaintiffs in their Complaint and workers' compensation lien received to date that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

18.    Based upon a fair reading of the Complaint and Amended Complaint, Brian Caffrey claims an injury and his workers' compensation carrier, Traveler's

claims that the above injuries are as a direct result of the accident, Plaintiff can assert a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.  This Removal is timely filed within thirty days of receipt of the information indicating the jurisdictional amount may be met pursuant to 28 U.S.C. §1446 (b).

19.   Further, the removal of this matter is less than 1 year after the commencement of their action, *see* 28 U.S.C. 1446(b),  and within 30 days of receipt of the attached medical records.

20.   Therefore, this matter is removable to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. §1446(b).

21.   Thus, diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and remaining defendants since:

(a)   Plaintiffs are citizens and residents of the State of New Jersey; and

(b)   Defendants are not citizens of the State of New Jersey.

22.   Furthermore, diversity of citizenship existed no earlier than May 27, 2021 and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

23.   This notice of removal is being filed within thirty (30) days of the date that the damages of the Plaintiff., Brian Caffrey could be ascertained.

Case 3:22-cv-02125-GC-DEA   Document 1   Filed 04/12/22   Page 6 of 8 PageID: 6

24.     Venue is properly laid in this district because the action sought to be removed is pending in its district 28 U.S.C. §1446 (a).

25.     Written notice of this Notice of Removal is being given to Plaintiffs' counsel as required by law.

26.     Pursuant to 28 U.S.C. §1146(d), a copy of this Notice of Removal is being filed with the Clerk of the Court of the Superior Court of New Jersey, Middlesex County.

27.     In light of the foregoing, this matter should be properly removed from the Superior Court of New Jersey, Middlesex County and be heard before this Honorable Court.

WHEREFORE, defendants, McArthur Express, Inc. and Bogdan Ureche, LLC. pray that the above-captioned action now pending in the Superior Court of New Jersey, Middlesex County, be removed to this Honorable Court.

**RAWLE & HENDERSON LLP**

By:_____
        Sonia DiValerio, Esquire
        Delia A. Clark, Esquire
        Attorneys for Defendants,
        McArthur Express, Inc.   and
        Bogdan Ureche
        1339 Chestnut Street, 17th Floor
        The Widener Building
        One S. Penn Center
        Philadelphia, PA 19107
        Tel: (856) 797-8919

15870419-1                                6

Fax: (856) 596-6164
dclark@rawle.com
Our File No.: 720264

Dated: April 12, 2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Stephen F. Lombardi, Esq.
Lombardi & Lombardi
1862 Oak Tree Road
PO Box 2065
Edison, NJ 08818

**RAWLE & HENDERSON LLP**

By:_____
       Sonia DiValerio, Esquire
       Delia A. Clark, Esquire
       Attorneys for Defendants

Dated:  April 12, 2022

15870419-1